Gwenda **LEWIS** and Kathleen M. Corke, Plaintiffs–Appellees,

v.

**TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,** Defendant–Appellant,

**Peter Senesi and Michael Chin, Defendants.**

**Docket No. 01–7147.**

United States Court of Appeals, Second Circuit.

March 26, 2002.

Christopher E. Chang, New York, NY; Franklin H. Stone, of counsel, for Appellant.

Daniel L. Saxe, Saady & Saxe, Lutz, FL; Higgins & Trippett, of counsel, for Appellees.

Present CALABRESI, CABRANES, Circuit Judges, and AMON,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant-appellant Triborough Bridge and Tunnel Authority ("TBTA") appeals from a judgment of the United States District Court for the Southern District of New York (Leisure, *J.*) entered after a three-week jury trial. The plaintiffs, Gwenda Lewis and Kathleen Corke, brought this employment discrimination action alleging that they were subjected to a hostile work environment because of their sex and then, as a result of their complaints, were retaliated against, all in violation of Title VII of the Civil Rights Act of 1994, 42 U.S.C. § 2000e *et. seq.*, and the New York State Human Rights Law (HRL), N.Y. Exec. L. § 296. Plaintiff Lewis also alleged racial discrimination in violation of Title VII and HRL § 296. Suits were also brought under HRL § 296 against individual defendants who, it was claimed, aided and abetted the discrimination.

At the time of the harassment, both women were employed by TBTA as toll booth operators. The plaintiffs' claims arose from TBTA's purported failure adequately to investigate and remedy conduct by employees of Allside Service Corporation, a cleaning company under contract with TBTA. At trial, plaintiffs presented evidence that for two years they complained to TBTA management that male Allside cleaners frequently engaged in a variety of specific acts of sexual harassment, including entering the TBTA women's locker room when female employees were undressed. Despite these complaints, the sexual harassment did not stop until Allside's contract with TBTA ended in due course. Plaintiff Lewis's racial dis-

---

* The Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

crimination suit involved TBTA's alleged failure to address and prevent racially derogatory comments and conduct by her supervisor. With respect to all these actions plaintiffs argued that the supervisors TBTA entrusted with investigating their complaints, the HRL § 296 individual defendants, far from acting to end the discrimination, furthered it.

After hearing all the evidence, the jury rendered a verdict in favor of the individual defendants, in favor of TBTA on Corke's retaliation claim, and against TBTA on all of plaintiffs' other charges. On appeal TBTA argues, *inter alia,* that the district court admitted prejudicial evidence that the jury should not have considered, that the jury charge was erroneous, that evidence was insufficient to support liability, and that the jury's damages award was excessive. Some of these objections were properly raised below, while others are presented for the first time on appeal. Most can be dismissed without discussion. One, the sufficiency of the evidence that Lewis was retaliated against, merits some, brief, attention.

As to this claim, the proof is certainly not overwhelming, either with respect to the existence of adverse employment actions, *see Galabya v. New York City Bd. of Educ.,* 202 F.3d 636, 640 (2d Cir.2000), or with respect to the link between those employment actions and Lewis's complaints. Nevertheless, we conclude that a reasonable jury could find that she suffered from retaliation as it is defined in the statute. Her supervisor denied her overtime for which she was qualified, made her work in toll booths that were opened unnecessarily, and restricted the flexibility of her work schedule. He also made a threatening gesture toward her which a jury could take to mean that she was in for trouble. This conduct began shortly after Lewis started submitting complaints to

TBTA management about her supervisor and increased in intensity as Lewis continued to press TBTA to remedy the racial harassment. *See Kotcher v. Rosa and Sullivan Appliance Ctr.,* 957 F.2d 59, 65 (2d Cir.1992). All in all, we cannot say that the jury verdict was unfounded.

Having reviewed all of defendant's claims and finding them to be without merit, we AFFIRM the judgment of the district court.